IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRAYSON L. HARE, JR.,

        Plaintiff,                                 No. CIV S-12-0136 JAM GGH PS

        vs.

SHIRLEY J. SIMPSON, et al.,           <u>ORDER AND ORDER TO SHOW CAUSE</u>

        Defendants.

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint refers to pending probate proceedings in the state courts of Maryland and Pennsylvania. The complaint is brought pursuant to this court's diversity jurisdiction, although plaintiff commences his complaint by asking the court to exercise its

"supplemental jurisdiction." Plaintiff contends that defendants devised a scheme to defraud him of his rightful inheritance of his deceased father's estate. It has been well established that probate matters are not within the jurisdiction of the federal court. Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction."); Markham v. Allen, 326 U.S. 490, 494 (1946) (noting that federal courts cannot interfere with probate proceedings or assume control of property in the custody of the state court); Sutton v. English, 246 U.S. 199, 205 (1918) (observing that it is not within the jurisdiction of the federal courts to set aside a will or the probate thereof); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the probate court may not be interfered with concerning the probate administration of the estate). Therefore, plaintiff will be ordered to show cause why his action should not be dismissed in light of pending state court actions.

Furthermore, the concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).[1] Younger abstention may be appropriate in this case.

\\\\\

---

[1] While Younger abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where there has been a claim for damages. Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004).

3

1  Plaintiff's reference to two ongoing probate actions in other state courts, which
2 plaintiff asserts "relate to the same set of common facts, namely, the wrongful conduct alleged
3 herein," (compl, ¶ 4), indicates a concession on plaintiff's part that the aforementioned legal
4 principles may apply to this case.
5  Plaintiff will be directed to submit a statement indicating whether indeed he is a
6 party to ongoing probate actions in other state courts which concern the same issues that are the
7 subject of the instant federal action, and if so, why this action should not be dismissed.
8  Accordingly, IT IS ORDERED that:
9  1. Plaintiff's request for leave to proceed in forma pauperis is granted.
10  2. Plaintiff shall show cause in writing within twenty-one (21) days of this order
11 why this action should not be dismissed for lack of subject matter jurisdiction.
12 DATED: March 6, 2012

             /s/ Gregory G. Hollows
             UNITED STATES MAGISTRATE JUDGE

14 GGH:076/Hare0136.osc.wpd