IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRAYSON L. HARE, JR.,

    Plaintiff,                        No. CIV S-12-0136 JAM GGH PS

    vs.

SHIRLEY J. SIMPSON, et al.,         <u>ORDER</u>

    Defendants.

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1). On March 6, 2012, this court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response was filed on March 27, 2012.

        Plaintiff's filing indicates that he may have claims that are not precluded by the probate exception to the federal court jurisdiction. Those principles were outlined in the previous order, and are repeated and clarified here.

        The complaint refers to pending probate proceedings in the state courts of Maryland and Pennsylvania. The complaint is brought pursuant to this court's diversity jurisdiction, although plaintiff commences his complaint by asking the court to exercise its

1

"supplemental jurisdiction." Plaintiff contends that defendants devised a scheme to defraud him of his rightful inheritance of his deceased father's estate.

It has been well established that probate matters are not within the jurisdiction of the federal court. Marshall v. Marshall, 547 U.S. 293, 308, 126 S.Ct. 1735 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction."); Markham v. Allen, 326 U.S. 490, 494 (1946) (noting that federal courts cannot interfere with probate proceedings or assume control of property in the custody of the state court); Sutton v. English, 246 U.S. 199, 205 (1918) (observing that it is not within the jurisdiction of the federal courts to set aside a will or the probate thereof); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the probate court may not be interfered with concerning the probate administration of the estate).

Furthermore, the concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).[1]

Nevertheless, the Supreme Court has carefully defined and limited the parameters of the probate exception after Markham. In Marshall v. Marshall, plaintiff, a.k.a. Anna Nicole Smith, sued her stepson for tortious interference with her expectancy of an inheritance or gift

---

[1] While Younger abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where there has been a claim for damages. Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004).

from her deceased husband.  The Supreme Court reviewed Markham and clarified its definition of the probate exception.  It stated the following principles.

> [W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. [citations omitted.]  Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311-312, 1748.  The Marshall Court also considered whether there were any sound policy considerations which would permit extension of the probate exception to that case.  Finding that the claim of tortious interference and the allegations underlying it were typically handled by federal courts, the Supreme Court found no policy considerations against adjudicating this claim. Id. at 312, 1748-49.

        As in Marshall, the complaint alleges torts of various kinds in regard to the probate proceedings.  Plaintiff's response to the order to show cause continues to make the case that his rights were violated in the probate proceedings which are ongoing.  He confirms that there are two ongoing state court actions concerning probate matters.  His claims, however, sound in tort.  For instance, he alleges that "[e]ach of the defendants aided and abetted the civil conspiracy to deprive plaintiff Hare of his inheritance under the laws of intestacy with the objective to profit thereby." (Response at 3.)   He also complains that defendant Simpson wrongfully distributed money from the decedent's estate to herself.  (Id. at 4.)  He further alleges that defendant Gima "improperly notarized powers of attorneys giving defendant Simpson powers of attorneys over plaintiff Hare's father." (Id.)  He claims that defendant Simpson "carefully groomed" defendant Hare by giving him gifts and case so that he signed the purported will as a witness, and then concealed its existence from plaintiff.  (Id. at 5.)  The complaint contains claims for conspiracy, intentional infliction of emotional distress, forgery, and aiding and abetting fraud.  These claims are analogous to the claim in Marshall, in that they do not

require interference with the probate of the will in the state courts, and they do not seek to assume jurisdiction over the *res* in the state courts.

Plaintiff, however, requests that this court exercise "supplemental jurisdiction" over the two state court actions and stay those proceedings, as well as damages. Pursuant to Marshall and Younger, this court is unable to exercise authority over pending state court actions. To the extent that plaintiff seeks to bring claims that do not involve the administration of the estate or the probate or annulment of a will, he may amend his complaint to state claims for which he seeks an *in personam* judgment, not to reach a *res* in the custody of a state court. See Marshall, 547 U.S. at 312,126 S.Ct. at 1748.

Plaintiff for the first time in his response to the order to show cause alleges that defendants' acts of conspiracy violated his civil rights under 42 U.S.C. §§ 1983 and 1985. These claims are not contained in the complaint. On amendment, plaintiff shall not include such claims or they will be dismissed, because none of the defendants are state actors, and because plaintiff does not have a claim for racial discrimination.

To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980). In this case, there are no defendants who are state actors, and plaintiff has not alleged that any defendants acted in conjunction with the state or its agents. Plaintiff asserts that defendant Malone is a licensed attorney and therefore a state actor as an officer of the court; however, privately employed attorneys do not act on behalf of the state, but rather on behalf of their clients. See Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977).

Section 1985 of 42 U.S.C. proscribes conspiracies to interfere with civil rights. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Karim-Panahi v. Los

Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  The statute protects only against discrimination founded upon invidious, class-based animus.  United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983); Ramirez v. City of Reno, 925 F. Supp. 681, 689 (D.Nev. 1996).  Conspiracy claims under § 1985(3) require an allegation of racial, or perhaps otherwise class-based invidiously discriminatory animus.  See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Regarding § 1985(2), the first clause of the subsection concerns conspiracy to obstruct justice in federal courts, or to intimidate a party witness or juror in connection therewith, and the second clause concerns conspiracies to affect the due course of justice in a state.  See Bretz v. Kelman, 773 F.2d 1026, 1028 n.4 (9th Cir. 1985); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 n.4 (9th Cir. 1987).  The requirement of racial or class-based animus has been extended to the second clause of subsection 1985(2).  See Bretz, 773 F.2d at 1030; Usher, 828 F.2d at 561.

Here, plaintiff can not allege any federal interest or involvement with the alleged conspiracy, and therefore he would fail to state a claim under the first clause of § 1985(2).  In addition, plaintiff fails to allege that any of the defendants entered an agreement to deprive plaintiff of his constitutional rights due to his membership in a protected class.  See Usher, 828 F.2d at 560 (holding that, by alleging that racial slurs were directed against him, plaintiff alleged racial animus sufficiently to survive a motion to dismiss causes of action under 42 U.S.C. § 1985(2) and (3)).  Nothing in the factual allegations of the complaint supports the conclusion that any defendants were motivated by invidious class-based animus to conspire to violate plaintiffs' civil rights pursuant to 42 U.S.C. § 1985 (3).  It states only that defendants conspired to produce counterfeit documents used to sell the Hare residence and personal property without plaintiff's knowledge or consent, and thereby deprive him of his inheritance.  (Compl. ¶ 51.)  This allegation does not imply § 1985.

These aforementioned attempts to create federal subject matter jurisdiction by inserting claims related to civil rights violations and discrimination must fail.  A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594,

1  595 (1972), but simple reference to federal law does not create subject-matter jurisdiction. <u>Avitts</u>
2  <u>v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only
3  by pleading a cause of action within the court's original jurisdiction.  <u>Id.</u>

4        Plaintiff is informed that the court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.  This is because, as a
7  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11       Accordingly, IT IS ORDERED that: Plaintiffs' complaint is dismissed for the
12 reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days
13 from the date of service of this Order.  Failure to file an amended complaint will result in a
14 recommendation that this action be dismissed.

15 DATED: April 30, 2012

                /s/ Gregory G. Hollows
16           UNITED STATES MAGISTRATE JUDGE

GGH:076/Hare0136.amd.wpd