1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GRAYSON L. HARE, JR.,

11           Plaintiff,                    No. CIV S-12-0136 JAM GGH PS

12       vs.

13   SHIRLEY J. SIMPSON, et al.,           ORDER

14           Defendants.

15   _____/

16           Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28

17   U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28

18   U.S.C. § 636(b)(1).  On March 6, 2012, this court issued an order to show cause why this action

19   should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's response was filed on

20   March 27, 2012.

21           Plaintiff's filing indicates that he may have claims that are not precluded by the

22   probate exception to the federal court jurisdiction.  Those principles were outlined in the

23   previous order, and are repeated and clarified here.

24           The complaint refers to pending probate proceedings in the state courts of

25   Maryland and Pennsylvania.  The complaint is brought pursuant to this court's diversity

26   jurisdiction, although plaintiff commences his complaint by asking the court to exercise its

1

1  "supplemental jurisdiction."  Plaintiff contends that defendants devised a scheme to defraud him

2  of his rightful inheritance of his deceased father's estate.

3        It has been well established that probate matters are not within the jurisdiction of

4  the federal court.  <u>Marshall v. Marshall</u>, 547 U.S. 293, 308, 126 S.Ct. 1735 (2006) ("Decisions of

5  this Court have recognized a 'probate exception,' kin to the domestic relations exception, to

6  otherwise proper federal jurisdiction."); <u>Markham v. Allen</u>, 326 U.S. 490, 494 (1946) (noting

7  that federal courts cannot interfere with probate proceedings or assume control of property in the

8  custody of the state court); <u>Sutton v. English</u>, 246 U.S. 199, 205 (1918) (observing that it is not

9  within the jurisdiction of the federal courts to set aside a will or the probate thereof); <u>Waterman

10  v. Canal-Louisiana Bank & Trust Co.</u>, 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the

11  probate court may not be interfered with concerning the probate administration of the estate).

12        Furthermore, the concern for comity and federalism require the courts to refrain

13  from interfering in pending state civil proceedings where important state interests are involved.

14  <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); <u>Juidice v. Vail</u>,

15  430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977).  This doctrine of abstention applies to state

16  administrative proceedings where there is an ongoing state judicial proceeding that implicates an

17  important state interest and that provides a full and fair opportunity to litigate a claim.  <u>See

18  Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); <u>Gibson v. Berryhill</u>, 411

19  U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); <u>Middlesex County Ethic Committee

20  v. Garden State Bar Assn.</u>, 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).[1]

21        Nevertheless, the Supreme Court has carefully defined and limited the parameters

22  of the probate exception after <u>Markham</u>. In <u>Marshall v. Marshall</u>, plaintiff, a.k.a. Anna Nicole

23  Smith, sued her stepson for tortious interference with her expectancy of an inheritance or gift

24

25     [1]  While <u>Younger</u> abstention typically requires dismissal by the court, a stay of the
proceedings is appropriate where there has been a claim for damages.  <u>Gilbertson v. Albright</u>,
26  381 F.3d 965 (9th Cir. 2004).

1  from her deceased husband.  The Supreme Court reviewed <u>Markham</u> and clarified its definition

2  of the probate exception.  It stated the following principles.

3       [W]hen one court is exercising *in rem* jurisdiction over a *res*, a
        second court will not assume *in rem* jurisdiction over the same *res*.

4       [citations omitted.]  Thus, the probate exception reserves to state
        probate courts the probate or annulment of a will and the

5       administration of a decedent's estate; it also precludes federal
        courts from endeavoring to dispose of property that is in the

6       custody of a state probate court. But it does not bar federal courts
        from adjudicating matters outside those confines and otherwise

7       within federal jurisdiction.

8  <u>Id.</u> at 311-312, 1748.  The <u>Marshall</u> Court also considered whether there were any sound policy

9  considerations which would permit extension of the probate exception to that case.  Finding that

10  the claim of tortious interference and the allegations underlying it were typically handled by

11  federal courts, the Supreme Court found no policy considerations against adjudicating this claim.

12  <u>Id.</u> at 312, 1748-49.

13       As in <u>Marshall</u>, the complaint alleges torts of various kinds in regard to the

14  probate proceedings.  Plaintiff's response to the order to show cause continues to make the case

15  that his rights were violated in the probate proceedings which are ongoing.  He confirms that

16  there are two ongoing state court actions concerning probate matters.  His claims, however,

17  sound in tort.  For instance, he alleges that "[e]ach of the defendants aided and abetted the civil

18  conspiracy to deprive plaintiff Hare of his inheritance under the laws of intestacy with the

19  objective to profit thereby."  (Response at 3.)   He also complains that defendant Simpson

20  wrongfully distributed money from the decedent's estate to herself.  (<u>Id.</u> at 4.)  He further alleges

21  that defendant Gima "improperly notarized powers of attorneys giving defendant Simpson

22  powers of attorneys over plaintiff Hare's father."  (<u>Id.</u>)  He claims that defendant Simpson

23  "carefully groomed" defendant Hare by giving him gifts and case so that he signed the purported

24  will as a witness, and then concealed its existence from plaintiff.  (<u>Id.</u> at 5.)  The complaint

25  contains claims for conspiracy, intentional infliction of emotional distress, forgery, and aiding

26  and abetting fraud.  These claims are analogous to the claim in <u>Marshall</u>, in that they do not

3

1   require interference with the probate of the will in the state courts, and they do not seek to

2   assume jurisdiction over the *res* in the state courts.

3      Plaintiff, however, requests that this court exercise "supplemental jurisdiction"

4   over the two state court actions and stay those proceedings, as well as damages.  Pursuant to

5   Marshall and Younger, this court is unable to exercise authority over pending state court actions.

6   To the extent that plaintiff seeks to bring claims that do not involve the administration of the

7   estate or the probate or annulment of a will, he may amend his complaint to state claims for

8   which he seeks an *in personam* judgment, not to reach a *res* in the custody of a state court.  See

9   Marshall, 547 U.S. at 312,126 S.Ct. at 1748.

10      Plaintiff for the first time in his response to the order to show cause alleges that

11   defendants' acts of conspiracy violated his civil rights under 42 U.S.C. §§ 1983 and 1985.  These

12   claims are not contained in the complaint.  On amendment, plaintiff shall not include such claims

13   or they will be dismissed, because none of the defendants are state actors, and because plaintiff

14   does not have a claim for racial discrimination.

15      To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the

16   deprivation of a right secured by the Constitution or laws of the United States, but that defendant

17   acted under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  A §

18   1983 claim can lie against a private party only when "he is a willful participant in joint action

19   with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).  In this

20   case, there are no defendants who are state actors, and plaintiff has not alleged that any

21   defendants acted in conjunction with the state or its agents.  Plaintiff asserts that defendant

22   Malone is a licensed attorney and therefore a state actor as an officer of the court; however,

23   privately employed attorneys do not act on behalf of the state, but rather on behalf of their clients.

24   See Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977).

25      Section 1985 of 42 U.S.C. proscribes conspiracies to interfere with civil rights.

26   Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Karim-Panahi v. Los

4

1    Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  The statute protects only against

2    discrimination founded upon invidious, class-based animus.  United Brotherhood of Carpenters

3    v. Scott, 463 U.S. 825 (1983); Ramirez v. City of Reno, 925 F. Supp. 681, 689 (D.Nev. 1996).

4    Conspiracy claims under § 1985(3) require an allegation of racial, or perhaps otherwise class-

5    based invidiously discriminatory animus.  See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

6    Regarding § 1985(2), the first clause of the subsection concerns conspiracy to obstruct justice in

7    federal courts, or to intimidate a party witness or juror in connection therewith, and the second

8    clause concerns conspiracies to affect the due course of justice in a state.  See Bretz v. Kelman,

9    773 F.2d 1026, 1028 n.4 (9th Cir. 1985); see also Usher v. City of Los Angeles, 828 F.2d 556,

10   561 n.4 (9th Cir. 1987).  The requirement of racial or class-based animus has been extended to

11   the second clause of subsection 1985(2).  See Bretz, 773 F.2d at 1030; Usher, 828 F.2d at 561.

12          Here, plaintiff can not allege any federal interest or involvement with the alleged

13   conspiracy, and therefore he would fail to state a claim under the first clause of § 1985(2).  In

14   addition, plaintiff fails to allege that any of the defendants entered an agreement to deprive

15   plaintiff of his constitutional rights due to his membership in a protected class.  See Usher, 828

16   F.2d at 560 (holding that, by alleging that racial slurs were directed against him, plaintiff alleged

17   racial animus sufficiently to survive a motion to dismiss causes of action under 42 U.S.C. §

18   1985(2) and (3)).  Nothing in the factual allegations of the complaint supports the conclusion that

19   any defendants were motivated by invidious class-based animus to conspire to violate plaintiffs'

20   civil rights pursuant to 42 U.S.C. § 1985 (3).  It states only that defendants conspired to produce

21   counterfeit documents used to sell the Hare residence and personal property without plaintiff's

22   knowledge or consent, and thereby deprive him of his inheritance.  (Compl. ¶ 51.)  This

23   allegation does not imply § 1985.

24          These aforementioned attempts to create federal subject matter jurisdiction by

25   inserting claims related to civil rights violations and discrimination must fail.  A less stringent

26   examination is afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594,

595 (1972), but simple reference to federal law does not create subject-matter jurisdiction.  <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  <u>Id.</u>

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that: Plaintiffs' complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: April 30, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Hare0136.amd.wpd

6